United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IGOR VRABEL,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-cv-00775** |
| | § | |
| **DONALD H. KAGIN and** | § | |
| **KAGIN'S INC.** | § | |
| *Defendants.* | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was tried by consent of the parties in a bench trial before the Court. Plaintiff Igor Vrabel ("Vrabel") and Defendants Donald H. Kagin (hereinafter "DHK") and Kagin's Inc. ("Kagin's") appeared by and through their counsel of record. The Court, having carefully considered the evidence admitted at trial and the stipulations made on the record during the trial, now makes the following findings of fact and conclusions of law. *See* FED. R. CIV. P. 52. Any conclusion of law more properly characterized as a finding of fact is adopted as such, and any finding of fact more properly characterized as a conclusion of law is adopted as such.

## FINDINGS OF FACT

1. Vrabel owned six (6) numismatic related collectibles described as: (1) Calif Counter Dancing Bears, (2) Byrnoere Gold 1859 Token, (3) Coin Weight 3" Phila, (4) U.S. Treasury Second Transfer Note, (5) 1881 Medal Cent. Yorktown, and (6) 1907 Money Order. ("Collectibles")

2. In an effort to sell these Collectibles, Vrabel contacted DHK and Kagin's.

Kagin's is in the business of purchasing and selling numismatic materials. DHK is the President of Kagin's.   At all times relevant to the business dealings between Kagin's and Vrabel, DHK acted as corporate officer of Kagin's.

3. On or about October 20, 2012, Kagin's and Vrabel entered into an Agreement for the consignment sale of the Collectibles (the "Agreement") in Dallas, TX. The Agreement did not specify a deadline for the consignment sale. Kagin's did not represent that they could sell the Collectibles or guarantee a specific price for the sale.

4. Vrabel delivered the Collectibles to DHK in the state of Texas. By October 15, 2013, DHK and Kagin sold only two (2) of the Collectibles: "Calif Counter Dancing Bears" and "1907 Wells Fargo Money Order." On October 15, 2013, Kagin's attempted by USPS to return to Vrabel the four (4) unsold items. Although a shipping label was prepared, there is no proof of delivery by USPS and Vrabel never received these items.

5. On several occasions, between January 2015 and September 3, 2018, DHK and Vrabel spoke in person and communicated by mail regarding the location and return of the four unsold items. By September 2018, both Vrabel and DHK had concluded that the items were lost and therefore they could not be returned or sold pursuant to the Agreement. While the parties agreed that the items were lost, they bitterly disputed their value. On September 3, 2018, Vrabel contacted the president of the American Numismatic Association to report Kagin's refusal to pay what Vrabel considered the reasonable replacement value of the lost

items. To this day the whereabouts of the four items remains unknown. They are not in the possession of Vrabel, DHK or Kagin's.

6. The reasonable fair market replacement value for each of these items is as follows:

| | |
|---|---|
| Byrnemore Gold 1859 Token | $250.00 |
| Coin Weight 3# Philadelphia | $300.00 |
| 1881 Medal Centennial Yorktown | $300.00 |
| 1857 U.S. Treasury Second Transfer Note | $1500.00 |

7. Vrabel sued Kagin's and DHK for: (1) breach of contract (a consignment agreement); (2) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (3) promissory estoppel; (4) negligent misrepresentation; and (5) trespass to chattels concerning the four items that were never returned to him.

## CONCLUSIONS OF LAW

### Breach of Contract

1. The Agreement is governed by California Law.

2. The elements of an action for breach of contract are the following: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 250 P.3d 1115, 1121 (2011).

3. A valid and enforceable contract exists between Vrabel and Kagin's. DHK is not a party to this contract.

4.  Vrabel performed its contractual obligations under the contract by delivering the Collectibles to Kagin's. Defendants breached the contract by failing to return the unsold Collectibles upon Vrabel's demand and failing to keep track of the Collectibles that were consigned to them for sale. According to the Agreement, after delivery, the risk of loss is solely the Buyer's (Kagin's).

5.  Kagin's breach of the contract caused injury to Vrabel.

6.  As a result of Kagin's breach, Vrabel suffered actual damages in the amount of $2,350.00.

7.  Under California law, an action for breach of any sales contract must be commenced within four years after the cause of action accrues. *See* CAL. COM. CODE § 2725(1) CAL. CODE CIV. PROC. § 337.

8.  Texas law also provides for a four-year limitations period for breach of a contract, TEX. PRAC. & REM. CODE § 16.004, and a four-year statute of limitations for breach of contract for sale, TEX. BUS. & COM. CODE § 2.725.

9.  Vrabel's breach of contract claim is not barred by the applicable four (4) year statute of limitations under either California or Texas law. Vrabel's claim for breach of contract accrued in September 2018 and he brought this claim within four (4) years of this date.

## *Violation of Texas Deceptive Trade Practices Act*

1.  The elements of a suit under the DTPA are: (1) the plaintiff is a consumer; (2) the defendants can be sued under the DTPA; (3) the defendant committed one or more of the following wrongful acts:

4

    a.  a false, misleading, or deceptive act or practice that is specifically enumerated in the "laundry list" found in Texas Business & Commerce Code § 17.46(b) and that was relied on by the plaintiff to the plaintiff's detriment;

    b.  breach of an express or implied warranty;

    c.  any unconscionable action or course of action;

    d.  the use or employment of an act or practice in violation of Texas Insurance Code Chapter 541; or

    e.  a violation of one of the "tie-in" consumer statutes, as authorized by Texas Business & Commerce Code 17.50(h), which are classified as "false, misleading, or deceptive acts or practices." TEX. BUS. & COM. CODE §§ 17.41 – 17.63; *Amstadt v. U.S. Brass Corp*., 919, S.W.2d 644, 649 (Tex 1996).

2. Section 17.50 of the DTPA also provides that "[a] consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

    (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

      (A)  specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of [the Texas Business & Commerce Code]; and

      (B)  relied on by a consumer to the consumer's detriment." TEX. BUS. & COM. CODE § 17.50(a).

3. In accordance with Texas Business & Commerce Code Section 17.505, Vrabel gave DHK and Kagin's written notice of its DTPA claim on September 16, 2019.

4. Vrabel is a consumer under the DTPA. TEX. BUS. & COM. CODE § 17.45(4).

5. DHK and Kagin's may be sued under the DTPA.

6. DHK and Kagin's did not violate the DTPA by making any false deceptive or misleading representations to Vrabel regarding the consignment of the Collectibles. TEX. BUS. & COM. CODE § 17.46(b)(5), (7), and (12).

7. Vrabel is not entitled to recover under this claim against either DHK or Kagin's.

**Promissory Estoppel**

1. The elements of suit for promissory estoppel are: (1) the defendant made a promise to the plaintiff; (2) the plaintiff reasonably and substantially relied on the promise to its detriment; (3) the plaintiff's reliance was foreseeable by the defendant; and (4) injustice can be avoided only by enforcing the defendant's promise. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002); *Sipco Servs. Mar. v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 605 (Tex.App.—Houston [1st Dist.] 1993, no writ).

2. Since the items at issue are the subject of a valid contract for their sale or safe return, Vrabel cannot maintain his claim for promissory estoppel in this case. *Trevino & Assocs. Mech., L.P. v. Frost Nat. Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.).

**Negligent Misrepresentation**

1. The elements of suit for negligent misrepresentation are: (1) the defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had an interest; (2) the defendant supplied false information for the guidance of others; (3) the defendants did not exercise

6

reasonable care or competence in obtaining or communicating the information;
(4) the plaintiff justifiably relied on the representation; and (5) the defendant's
negligent misrepresentation proximately caused the plaintiff's injury.
*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 99 S.W.2d 787,
791 (Tex. 1999).

2. DHK and Kagin's did not provide any false information to Vrabel. Specifically,
   DHK and Kagin's did not provide any false information to Vrabel regarding the
   status or location of the unsold Collectibles to Vrabel.

3. DHK and Kagin's exercised reasonable care or competence in communicating
   to Vrabel all information regarding the status or location of his unsold
   Collectibles.

4. Vrabel is not entitled to recover under this claim against either DHK or Kagin's.

*Trespass to Chattels*

1. A trespass occurs when a party wrongfully acquires possession of another's
   property or when he wrongfully retains possession. See *Zapata v. Ford Motor
   Credit Co.*, 615 S.W.2d 198, 201 (Tex.1981) (a detention of personalty lawfully
   obtained, after demand, is a wrongful act constituting a trespass). The
   commission of a trespass does not necessarily mean that the actor is liable for
   damages. Liability does not attach unless the wrongful detention is accompanied
   by actual damage to the property or deprives the owner of its use for a substantial
   period of time. *Lyle v. Waddle*, 144 Tex. 90, 188 S.W.2d 770 (1945).

2. Neither DHK nor Kagin's are in possession of the unsold Collectibles. Neither defendant is liable to Vrabel for trespass to chattels for their failure to return the unsold Collectibles to Vrabel.

3. Vrabel is not entitled to recover under this claim against either DHK or Kagin's.

*Attorney's Fees*

1. Plaintiff is entitled to recover attorney's fees under the terms of the Agreement for prevailing on the breach of contract claim. CAL. CIV. CODE § 1717.

2. Plaintiff has seven days from the issuance of this order to file an amended affidavit based on the Court's findings of fact and conclusions of law above.

3. Defendant has seven days after the amended affidavit is filed to file a responsive affidavit. Defendant's responsive affidavit shall be due no later than October 6, 2022.


It is so ORDERED.


SIGNED at Houston, Texas this 22nd day of September, 2022.


_____

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE